**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Anthony Ahn By And Through His Guardian Ad Litem Jamie Hong

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTHONY AHN BY AND THROUGH HIS GUARDIAN JAMIE HONG,**<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A.; CITIBANK, N.A.; CAPITAL ONE BANK (USA) N.A.; DISCOVER BANK; JHPDE FINANCE I, LLC; AND, EXPERIAN INFORMATION SOLUTIONS, INC.**<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **FAIR CREDIT REPORTING ACT;**<br><br>II. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>III. **FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>IV. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND,**<br><br>V.  **CALIFORNIA IDENTITY THEFT ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

3. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

4. ANTHONY AHN BY AND THROUGH HIS GUARDIAN AD LITEM JAMIE HONG ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BANK OF AMERICA, N.A. ("BofA"); CITIBANK, N.A. ("Citi"); CAPITAL ONE BANK (USA) N.A. ("Capital One"); DISCOVER BANK ("Discover"); JHPDE FINANCE I, LLC ("JHPDE"); and, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") with regard to attempts by the furnishers to unlawfully and abusively collect a fraudulent debts from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; 15 U.S.C. § 1692k; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); (iii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (iv) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); and, (v) California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq.

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Orange County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Anthony Ahn is a natural person who resides in Yorba Linda, California, from whom various furnishers sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

15. Plaintiff is sixteen years old.

16. Jamie Hong is Plaintiff's mother.

17. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1692a(3).
18. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).
19. Bank of America is a bank headquartered in the State of North Carolina.
20. Citi is a bank headquartered in the State of Florida.
21. Capital One is a bank headquartered in the State of Virginia.
22. Discover is a bank headquartered in the State of Illinois.
23. JHPDE is a debt collector headquartered in the State of Missouri.
24. Bank of America; Citi; Capital One; Discover; and, JHPDE are each a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
25. Bank of America; Citi; Capital One; Discover; and, JHPDE are each a "claimant" as that term is defined by California Civil Code § 1798.92(a).
26. Bank of America; Citi; Capital One; Discover; and, JHPDE in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).
27. JHPDE is also a "debt collector" as defined by and, 15 U.S.C. § 1692a(6).
28. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).
29. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

30. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d); and, 15 U.S.C. § 1692a(5) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

31. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

32. At all times relevant, Plaintiff is an individual residing within the State of California.

33. Unfortunately, Plaintiff recently learned that Plaintiff was the victim of identity theft regarding multiple credit cards.

34. On information and belief, Hong's ex-husband, Richard Ahn, is the fraudster and has committed similar frauds against two other individuals.

35. Thereafter, Plaintiff engaged in several rounds of direct and indirect disputes with the furnishers and credit bureau reporting agencies.

36. Specifically, one such dispute was sent to Citi and included a Statement of Fraudulent Application.

37. This Statement referenced a Police Report Number 17-26495 and Detective Andrew Rathfon as well as Plaintiff's date of birth in 2004.

38. Plaintiff's disputes to Citi resulted in Citi honoring the fraud via written communication dated August 15, 2020.

39. Therein, Citi noted that it closed the Account ending in 9799 as the result of fraudulent activity.
40. Moreover, another dispute was sent to American Express regarding Account Ending in 1001.
41. As a result of these disputes, American Express notified Plaintiff via written communication dated September 10, 2020 that American Express honored the fraud dispute and would remove the account from Plaintiff's credit report.
42. Unfortunately, the furnishers herein rejected Plaintiff's attempts to be absolved of the fraud which prompted Plaintiff to further investigate his remaining options.
43. Plaintiff also submitted disputes to each of the Credit Bureaus dated April 28, 2021.
44. Plaintiff's Credit Bureau Disputes noted that he is sixteen years old and never opened any of the accounts at issue in this action.
45. Plaintiff also included an Identity Theft Victim's Complaint and Affidavit from the Federal Trade Commission.
46. The FTC Fraud Affidavit identified Richard Ahn as the suspect and reiterated that Plaintiff was born in 2004 while also identifying the Detective Rathfon and the 2017 Police Report.
47. Moreover, the FTC Fraud Affidavit was witnessed by Madlyn Alverson and contained Plaintiff's notarized signature.
48. Plaintiff's Credit Bureau Disputes also included Plaintiff's birth certificate; his Social Security Card; and, Student ID.
49. Plaintiff received notification shortly thereafter that the furnishers and the Credit Bureaus each received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.
50.

51. Plaintiff was optimistic when Plaintiff received notice from Trans Union dated May 13, 2021 informing him all of the fraudulent accounts were deleted.

52. Plaintiff received similar news from Equifax dated May 14, 2021 confirming that none of the fraudulent accounts were reporting to his credit report.

53. Plaintiff was devasted; however, upon receipt of Experian's June 2, 2021 Reinvestigation Results.

54. Therein, Plaintiff learned for the first time that Bank of America; Citi; Capital One; Discover; and, JHPDE each verified through Experian that Plaintiff was responsible for the fraudulent accounts.

55. Notably, Citi's verification occurred after it previously agreed on August 15, 2020 that Plaintiff was not responsible for the fraudulent accounts.

56. Each of these furnishers were required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

57. Experian was also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

58. To date, the Furnishers' inaccurate credit reporting remains on Plaintiff's Experian Credit Reports.

59. The Furnishers submit inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

60. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

61. Defendants' investigations were unreasonable.

62. More specifically, the Furnishers should have discovered from the Furnishers' own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing where Plaintiff actually lived at the time the accounts were fraudulently obtained in his name and showed that he was only 16 at the time.

63. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; to not contact the Police Department; and, to not conduct a simple inquiry regarding Plaintiff's age and/or location at the time the accounts were opened.

64. The unreasonableness of these investigations is further established by the fact that American Express; Equifax; and, Trans Union all independently concluded that Plaintiff was the victim of identity theft based upon the exact same information.

65. Accordingly, the Furnishers failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

66. The Furnishers failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

67. Due to the Furnishers' failure to reasonably investigate, the Furnishers further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

68. By inaccurately reporting account information after notice and confirmation of its errors, the Furnishers failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

69. Through this conduct, the Furnishers violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that the Furnishers knew or should know was inaccurate.

70. Experian also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

71. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

72. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

73. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

74. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

75. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

76. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

77. Defendants' conduct has caused Plaintiff emotional distress.

78. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

79. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

80. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because these multiple fraudulent accounts mischaracterize Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

81. Despite Plaintiff's repeated attempts, Defendants continue to report fraudulent debts to Plaintiff's credit report.

82. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

83. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

84. Similarly, Experian also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

85. These documents should have caused Experian to remove the inaccurate information from Plaintiff's credit report.

86. By intentionally reporting continuing obligations, Experian acted in conscious disregard for Plaintiff's rights.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

87. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

88. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

89. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

90. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiff that the Furnishers knew or should have known to be inaccurate  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

91. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

92. Through this conduct, the Furnishers violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

93. Through this conduct, the Furnishers violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

94. Through this conduct, Defendant violated Cal Civ. Code § 1798.93.

95. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

98. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

99. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AGAINST THE FURNISHERS]

100. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

101. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

102. In the regular course of its business operations, the Furnishers routinely furnishes information to credit reporting agencies pertaining to transactions between the Furnishers and the Furnishers' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

103. Because the Furnishers is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), the Furnishers are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

104. Since the Furnishers received all documents required to determine the inaccuracy of the Furnishers' reporting, the Furnishers should have known to update said reporting.

105. the Furnishers also should have determined that the Furnishers' reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(P) (FDCPA)
## [AGAINST JHPDE]

106. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

108. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from JHPDE.

## COUNT IV
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
## [AGAINST THE FURNISHERS]

109. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

110. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

111. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from the Furnishers.

## COUNT V

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE § 1798.92-1798.97
## [AGAINST THE FURNISHERS]

112. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

113. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

114. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA and CCCRAA claims;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against JHPDE;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against JHPDE;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against JHPDEt; and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

115. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 23, 2021                                              Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF