Cheryl L. O'Connor (State Bar No. 173897)
coconnor@jonesday.com
Patrick J. Hall (State Bar No. 341345)
phall@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTHONY AHN,

Plaintiff,

v.

BANK OF AMERICA, N.A.; CITIBANK, N.A.; CAPITAL ONE BANK (USA) N.A.; DISCOVER BANK; JHPDE FINANCE I, LLC; AND, EXPERIAN INFORMATION SOLUTIONS, INC.

Defendants.

Case No. 8:21-cv-01092-MEMF-ADSx

Hon. Maame Ewusi-Mensah Frimpong

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND DECLARATION OF DOUGLAS HOLLON SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO EXPERIAN'S MOTION FOR SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**ORAL ARGUMENT REQUESTED**

Date: January 19, 2023
Time: 10:00 a.m.
Ctrm: Courtroom 8B
First Street Courthouse

Complaint filed: June 23, 2021

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that on January 19, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 350 W. 1st Street, Courtroom 8B, 8th Floor, Los Angeles, California 90012, before the Honorable Maame Ewusi-Mensah Frimpong, Defendant Experian Information Solutions, Inc. ("Experian") will, and hereby does, move this Court, to strike the expert report and declaration of Douglas Hollon ("Hollon"), as well as all references thereto, which were submitted in support of Plaintiff's Opposition to Experian's Motion for Summary Judgment.

This Motion is made on the grounds that Plaintiff failed to timely disclose Hollon in accordance with Federal Rule of Civil Procedure 26(a)(2), the Court's Scheduling Order (ECF 44), the Court's Amended Civil Trial Order (ECF 84), and the Court's Order Amending Civil Trial Order (ECF 86) and that this failure is not harmless or substantially justified.

This Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Patrick J. Hall and accompanying exhibits, all the pleadings and papers on file in this matter, and upon such further evidence and argument as may be presented at the hearing of this Motion.

DATED: November 3, 2022

*/s/ Cheryl L. O'Connor*
Cheryl L. O'Connor
JONES DAY

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The expert report and declaration of Plaintiff's purported expert Douglas Hollon ("Hollon") in support of Plaintiff's Opposition to Experian's Motion for Summary Judgment ("MSJ"), should be stricken because Plaintiff failed to timely disclose Hollon as an affirmative expert under the Court's Scheduling Order (ECF 44), the Court's Amended Civil Trial Order (ECF 84), the Court's Order Amending Civil Trial Order (ECF 86) (the "Orders"), and Federal Rule of Civil Procedure 26. Plaintiff's reliance on Hollon's report in his Opposition boldly defies these Orders and Rule 26.

Under the Scheduling Order, "[a]ll discovery . . . shall be completed by September 8, 2022." (ECF 44, at 1.) Plaintiff did not disclose an expert report for Hollon before this deadline. The subsequent Amended Civil Trial Order[1] and the Order Amending Civil Trial Order[2] both clearly indicated that the "Expert Discovery Cut-Off" is "Completed." (ECF 84, at 2; ECF 86, at 2). Plaintiff did not contest these assertions. Despite the Orders' clear guidance, and despite timely disclosing an expert report in June 2022 for a *different* expert, Plaintiff first disclosed Hollon's expert report on October 19, 2022, ***more than a month after*** discovery closed, and ***six days after*** Experian filed its MSJ.

The untimely disclosure severely prejudices Experian and should not be permitted. Plaintiff misled Experian throughout the discovery period and during the meet and confer process on Experian's MSJ by keeping secret his intention to disclose a report from Hollon *after* the deadlines. Indeed, it appears that Hollon's report, although dated October 12, 2022, was not even completed until October 19, 2022, nearly a week ***after*** Experian filed its MSJ. Plaintiff's late disclosure prevented Experian from designating a rebuttal expert, deposing Plaintiff's expert, and relying

---

[1] Entered on September 20, 2022. (ECF 84.)

[2] Entered on September 27, 2022. (ECF 86.)

on that information in its MSJ. Moreover, it allowed Plaintiff to tailor Hollon's expert report to Experian's specific arguments in its Motion. Plaintiff has not articulated, nor can he articulate, any justification for his violation of Rule 26 and this Court's Orders. Plaintiff's gamesmanship cannot be rewarded, and Hollon's Declaration and Report, and any reference thereto, must be stricken.

## BACKGROUND

On May 6, 2022, Plaintiff served "Supplemental Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)." (Declaration of Patrick J. Hall in Support of Experian's Motion to Strike ("Hall Decl.") ¶4, Ex. A.) Under the heading "Rule 26(a)(1)(A)(i)," Plaintiff stated "Roman Garagulagian, Ph.D. will testify regarding monetary damages and net worth of the respective Defendants. Doug Hollon will testify regarding the identity theft and credit reporting topics at issue herein." (*Id.* ¶ 5, Ex. B.) Plaintiff did not serve any expert reports at this time. (*Id.*) Plaintiff again served "Supplemental Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)" on June 1, 2022, including the same language quoted above. (*Id.* ¶¶ 6-7, Exs. C, D .) Again, Plaintiff served no expert reports at this time. (*Id.*)

On June 3, 2022, Plaintiff served an expert report prepared by Roman Garagulagian, Ph.D. (*Id.* ¶ 8, Ex. E.). On September 6, 2022, Plaintiff yet again served "Supplemental Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)," including the language quoted above regarding Hollon. (*Id.* ¶¶ 9-10, Ex. G.) This is Plaintiff's most recent Supplemental Initial Disclosure. (*Id.* ¶ 11.)

On September 8, 2022, discovery in this action closed. (*See* ECF 44, at 1.) Plaintiff had not disclosed any expert report for Hollon by that date. (Hall Decl. ¶ 13.) On September 20, this Court entered an Amended Civil Trial Order, which confirmed that "Expert Discovery" had "Closed." (ECF 84, at 2.) Plaintiff did not object. (Hall Decl. ¶ 14.) On September 27, this Court entered its Order Amending Civil Trial Order, which again that "Expert Discovery" had "Closed." (ECF 86, at 2.) Again, Plaintiff did not object. (Hall Decl. ¶ 14.)

On October 13, 2022, Experian filed its MSJ. (ECF 87.) Six days later, on October 19, 2022, Plaintiff emailed "Plaintiff's Rule 26(a)(2) Expert Witness Report prepared by Douglas A. Hollon" to Experian. (Hall Decl. ¶ 12, Ex. H.) Experian immediately objected to the untimely disclosure, citing the Court's Orders and the prejudice to Experian. (*Id.*) Plaintiff provided no explanation for the late disclosure, and only offered—without permission from the court—that Experian was "certainly free to depose him if you would like." (*Id.*) Plaintiff then filed his untimely purported expert report in support of his Opposition to Experian's MSJ. (ECF 90-11, 90-12.)

## ARGUMENT

### I. HOLLON'S EXPERT DISCLOSURE SHOULD BE STRICKEN FOR PLAINTIFF'S FAILURE TO COMPLY WITH RULE 26 AND THE COURT'S ORDERS.

Rule 26(a)(2) requires that, when a party retains an expert witness to provide testimony in a case, the party must make a disclosure of the witness, "***accompanied by a written report***." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Under Rule 26(a)(2)(D) "A party must make these disclosures at the times and in the sequence that the court orders." "***Absent a stipulation or a court order***, the disclosures must be made:(i) at least 90 days before the date set for trial or for the case to be ready for trial." *Id.* (emphasis added).

The purpose for Rule 26(a)(2)(B)'s written report requirement is "the elimination of unfair surprise to the opposing party and the conservation of resources." *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 653 (C.D. Cal. 2007) (quoting *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.), *cert. denied*, 516 U.S. 822 (1995)). Further, courts emphasize the importance of Rule 26(a)(2)'s requirement for "total disclosure," noting that this requirement was added to the rule to prevent "sketchy and vague" expert information that might lead to undue surprise for the opposing party at trial. *O'Connell*, 245 F.R.D. at 653 (quoting Advisory Committee Notes to the 1993 Amendments to Rule

26). Further, "Simply reciting the names of experts does not prevent surprise by the opponent." *Lema v. Comfort Inn, Merced*, No. 1:10-CV-00362-SMS, 2012 WL 170161, at *4 (E.D. Cal. Jan. 19, 2012) (quoting *Churchill v. United States*, No. 1:09-cv-01846-LJO-JLT, 2011 WL 444849 at *6 (E.D.Cal. February 8, 2011)).

"Rule 37(c)(1) gives teeth to [disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Such exclusion is equally proper at the summary judgment stage, particularly where, as here, a plaintiff submits an untimely expert declarations in opposition to a defendant's summary judgment motion. *See Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 498-99 (9th Cir. 2009). Absent "substantial justification" for failure to timely make complete expert disclosures, or showing the failure was harmless, Rule 37(c)'s automatic exclusion applies. *Id.* at 500.

In *Luke*, the plaintiffs filed expert declarations three months late, two months after the deadline for rebuttal expert disclosures, and in response to defendants' motion for summary judgment, with no justification for untimeliness. *Id.* at 498-99. The court held that the expert declarations were not only untimely, but their untimeliness was not harmless, in part because they were filed only four days before the close of discovery and presented a new theory as to the plaintiff's claim. *Id.* The Ninth Circuit affirmed the district court's exclusion of the declarations. *Id.*

Likewise, Hollon's report should be stricken. Just as in *Luke*, Plaintiff disclosed Hollon's report for the first time ***after*** Experian filed its MSJ. But even worse than in *Luke*, where the declarations were filed just four days *before* the close of discovery, here Plaintiff did not disclose Hollon's report until more than ***a month after*** discovery closed. The Court specifically and unambiguously ordered the parties to complete all discovery by September 8, 2022. (ECF 44, at 1.) If that order were not perfectly clear, the Court's subsequent orders on September 20 and 27, 2022 make abundantly clear that "Expert Discovery" is "Closed." (ECF 84, at 2; ECF 86,

at 2.) Yet, Plaintiff failed to serve Hollon's Report until October 19, 2022—more than one month beyond his deadline to do so, and well after Experian's opportunity to identify a rebuttal expert had expired. That Plaintiff recited Hollon's name as a retained expert prior to the discovery cut-off is of no consequence. *See Lema*, 2012 WL 170161, at *4 (holding that "simply reciting the names of experts" does not satisfy Rule 26(a)(2)(B)).

Further, Plaintiff's untimely service of Hollon's Report is not "substantially justified or . . . harmless." *See* Fed. R. Civ. P. 37(c). Plaintiff offers no justification for his untimely disclosure, and he cannot. Plaintiff did not once seek continuance of the discovery cut-off, and he timely disclosed the report for his other expert, Roman Garagulagian, five months ago. Further, with expert discovery closed, Experian has not been afforded sufficient time to assess Hollon's Report or depose him. Moreover, Hollon's Report appears to have not even been completed, much less disclosed, until October 19, 2022, six days ***after Experian filed its MSJ***. Plaintiff therefore had the opportunity to preview Experian's Motion and tailor Hollon's report to it, while Experian was deprived the opportunity to cross-examine Hollon and use that testimony in its MSJ. Plaintiff's untimely disclosure of Hollon's report has directly and severely prejudiced Experian—like the plaintiff in *Luke*, Plaintiff attempts to surprise Experian with new theories of the case unavailable to it in its MSJ, *see* 323 F. App'x at 499—particularly since the dispositive motion deadline has now passed.

Thus, Plaintiff's untimely service of the Hollon Report is neither substantially justified nor harmless, and Hollon's declaration, report, and any reference thereto should be precluded.

//

//

//

//

**CONCLUSION**

For all the foregoing reasons, Experian respectfully requests that this Court grant its Motion to Strike Expert Report and Declaration of Douglas Hollon Submitted in Support of Plaintiff's Opposition to Experian's Motion for Summary Judgment.

Dated: November 2, 2022

Respectfully submitted,

JONES DAY

By: */s/ Cheryl L. O'Connor*
Cheryl L. O'Connor

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.